IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Wanda Renae Scott, ) | |
| ) | Civil Action No. 6:13-943-JFA-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the Commissioner's motion to dismiss for lack of subject matter jurisdiction (doc. 27). The *pro se* plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)).

On December 16, 2009, the plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") (doc. 27-2, Paul Halse decl. ¶ 3). The South Carolina Disability Determination Service determined that the plaintiff was disabled beginning December 15, 2009, for SSI, but that she was not disabled prior to September 30, 2005, the date she was last insured for DIB[2] (*id.*). The plaintiff then timely filed a request for hearing before an administrative law judge ("ALJ") (*id.*). On September 13, 2012, the ALJ issued an Order of Dismissal of the request for hearing due to the plaintiff's failure to appear at the scheduled hearing and for failure to provide good cause for

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P. 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this case.

[2] For DIB, the plaintiff must prove disability prior to the date last insured. *Johnson v. Barnhart*, 434 F.3d 650, 655-56 (4th Cir. 2005).

not doing so (*id.*; doc. 27-3, Order of Dismissal).[3] The plaintiff filed a request for review of this dismissal, which the Appeals Council denied on February 5, 2013, providing for no

---

[3] In the Order of Dismissal, the ALJ found as follows, as relevant here:

A Notice of Hearing was mailed to the claimant on February 1, 2012 at her last known address advising her of the time and place of hearing scheduled for March 20, 2012 (Ex. 10B). By Request dated February 7, 2012, the claimant requested a continuance of the hearing in order to try and obtain representation and in order for her to obtain more tests (Ex. 11B). A Second Notice of Hearing was mailed to the claimant on June 19, 2012 at her last known address advising her of the time and place of hearing and a reminder of a Notice of hearing was also sent on July 16, 2012 (Exs. 12b and 14B) The Notice of Hearing contained an explanation of the procedures for requesting a change in the time and place of the claimant's hearing and a reminder that failing to appear at her scheduled hearing without good cause could result in dismissal of the claimant's request for hearing. The Notice of Hearing also asked the claimant to return the enclosed Acknowledgment of Receipt (Notice of Hearing) form to let the Hearing Office know that she had received the notice.

The claimant did not sign and return the Acknowledgment of Receipt (Notice of Hearing) form requesting that the hearing be rescheduled, but she did send a handwritten form stating she did not want her hearing to be conducted in South Carolina and that she wanted it held in Augusta, Georgia. Telephonic communications with the claimant showed that she would not be attending the July 30, 2012 hearing (Exs. 15-16B). The claimant did not appear at the hearing for the second time.

Because the claimant did not appear at the hearing, a Notice to Show Cause for Failure to Appear was mailed to the claimant on August 4, 2012 (Ex 17B). In response, the claimant offered written explanation for her failure to appear. The claimant submitted emails and appellate writings that indicate her intelligence and competency. She alleges that she "is unable to properly gather and present her case at this time. She is too sick to and without an attorney." She reports contacting Legal Services of South Carolina, but as noted at exhibits 17E and 20E, the claimant has failed to follow-through and communicate with legal aide.

The undersigned has considered the factors set forth in 20 CFR 405.20(a) and finds that the claimant has not given a good reason for her failure to appear at the time and place of hearing. The claimant is competent as alleged by her in her multiple emails to the agency and in her cogent communication to the agency as noted in Sections B, E and F of the file. The claimant has been approved for Title 16 benefits and her only appellate issue is appealing the onset date of her disability to before her date last insured (DLI) of September 30, 2005 as noted at exhibit 9. The record supports no medical evidence to support disability prior to the DLI, thus, there is insufficient evidence to support this appeal. Also, given, the claimant's own admission that she is not prepared to follow-through with this appeal, this matter is herein dismissed. The undersigned cannot continue to post-pone this appellate matter indefinitely as there is no given timetable as to when the claimant would be prepared to attend a hearing. . . .

(Doc. 27-3, Order of Dismissal).

2

further appeal of this issue (doc. 27-2, Halse decl. ¶ 3; doc. 27-4, Notice of Appeals Council Action). The plaintiff then filed her complaint with this court on April 8, 2013 (doc. 1).

The Commissioner filed the instant motion to dismiss on August 30, 2013, and the plaintiff filed her response in opposition on September 13, 2013 (doc. 32). The plaintiff filed additional documents in opposition to the motion to dismiss on September 16 and 30, 2013 (docs. 37, 42). However, because an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to *pro se* litigants) was not issued prior to the plaintiff filing her responses in opposition, on March 4, 2014, the undersigned issued a *Roseboro* order explaining the motion to dismiss procedure and allowing the plaintiff 34 days to file additional opposition to the motion to dismiss if she so wished. On April 7, 2014, the plaintiff filed an additional response in opposition to the motion to dismiss (doc. 56).

The plaintiff has the burden of establishing subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id*. If the jurisdictional facts are not in dispute and subject matter jurisdiction is not established, the matter must be dismissed. *Id*.

Title 42, United States Code, Sections 405(g) and (h), authorize judicial review in cases arising under Title II and Title XVI of the Social Security Act. Those provisions make clear that they are the only jurisdictional basis for judicial review:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
> . . .

42 U.S.C. § 405(g). The statute continues:

3

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

*Id.* § 405(h).

Congress thus has made clear that, for claims arising under the Act, judicial review is permitted only in accordance with Section 405(g). It is also well settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Further, "the 'terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Where a right, such as the right to sue, is created by statute, with that statute providing a special remedy, that remedy is exclusive. *United States v. Babcock*, 250 U.S. 328, 331 (1919). Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Act.

Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Although the term "final decision" remains undefined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process in order to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a); *see also Sanders*, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.98l. The claimant may then seek judicial

4

review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 404.981, 422.210.

Here, the plaintiff has not obtained a final decision from the Commissioner of Social Security made after a hearing, and thus this court lacks subject matter jurisdiction to hear her claim.  The ALJ dismissed the plaintiff's request for hearing when she failed to appear for either of two scheduled hearings and failed to show good cause for not doing so (doc. 27-3, Order of Dismissal). *See* 20 C.F.R. § 404.957(b)(1) (where the claimant has been notified that failure to appear at the scheduled hearing may result in dismissal of her request for hearing, but neither she nor her designated representative appears at the scheduled hearing and good cause is not shown for failure to appear, an ALJ may dismiss the request for hearing).  The plaintiff was permitted to request review of this dismissal by the Appeals Council (doc. 27-3, Order of Dismissal). *See* 20 C.F.R. § 404.960 (the Appeals Council may vacate a dismissal of request for hearing if the claimant requests review within 60 days of receipt of the notice of dismissal and shows good cause for why the hearing request should not have been dismissed).  However, the Appeals Council denied the plaintiff's request for review, and there is no provision for further review of that dismissal under the Act (*see* doc. 27-4, Notice of Appeals Council Action). *See* Hearings, Appeals and Litigation Law manual ("HALLEX") § I-2-4-5(F) ("A dismissal action is not considered a final decision of the Commissioner for purposes of filing a civil action.").  The ALJ's dismissal of the plaintiff's request for hearing thus became final, rendering the determination by the State agency the final determination of the Commissioner.  Because this is not a final decision of the Commissioner following a hearing, this court does not have jurisdiction over the present claim. *See* 42 U.S.C. § 405(g).

The plaintiff argues that she gave the ALJ "good reasons not to schedule [her] hearings at that time" (doc. 37, pl. resp. m. to dismiss at p. 2).  She further "disputes the 'Essential Facts' that the Commissioner of Social Security relies on" and argues that she

5

meets the "'after hearing' requirement and can prove overriding jurisdiction of federal court" (doc. 42, pl. reply at p. 2). The plaintiff alleges the ALJ denied her the right to an attorney and relied on lies and incomplete information. Specifically, she alleges that her mail was "repeatedly intercepted - clearly by attorneys who controlled what-and-when judge saw anything" (*id.* at p. 3). She claims that "in essence" she was at the hearing because she "was in constant contact [with the ALJ] before, during and after that hearing" (*id.*) and that the ALJ's dismissal of her case is a "final decision" that she can appeal in federal court (*id.* at pp. 2, 7, 10, 13, 15). However, she does not dispute that the ALJ dismissed her request for a hearing and that the Appeals Council denied her request for review of that dismissal. The plaintiff further contends that the "after a hearing" requirement of 42 U.S.C. § 405(g) does not apply to her because she appealed to the "Congressional Review Board" (doc. 56, pl. resp. m. to dismiss at pp. 8-9, 11-12). It appears that the plaintiff may be referring to the Social Security Advisory Board, which is an independent, bipartisan board created to advise the President, the Congress, and the Commissioner of Social Security on matters related to the Social Security and Supplemental Security Income programs. However, this is an advisory body with no authority to take any administrative actions or resolve questions regarding individual claims. *See* http://www.ssab.gov/.

As argued by the Commissioner, while the plaintiff has alleged the existence of additional facts, she has not shown that a genuine issue as to any material jurisdictional fact exists. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 ("The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.") (citations omitted). The Fifth Circuit has ruled on an analogous set of facts to those presented here finding that federal courts do not have jurisdiction over an appeal from an Appeals Council decision to uphold an ALJ's dismissal of a request for a hearing, where

dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558–60 (5th Cir.1992). The court reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction." *Id*. at 562. The Tenth Circuit has ruled likewise. *Estate of Lego v. Leavitt*, 244 F. App'x. 227, 232 (10th Cir. 2007) (holding that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457"). While the Fourth Circuit has not directly addressed this issue, district courts in this circuit have reached the same result on facts similar to the instant case. *See, e.g., Cox v. Commissioner of Social Security Administration*, No. RDB-12-3208, 2013 WL 3482203, at *3 (D. Md. July 10, 2013) ("Because Mr. Cox's claim was dismissed due to his failure to appear at his hearing, this Court lacks jurisdiction to hear his claim."), *adopted by* 2013 WL 3944480 (D. Md. July 30, 2013); *Nelson v. Barnhart*, No. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003) (finding federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing because the claimant cannot meet the "after a hearing" requirement of 42 U.S.C. § 405(g)).

In *Sanders*, the Court ruled that the exhaustion doctrine does not apply when a plaintiff raises a "colorable constitutional claim" that is not immaterial or frivolous, such as failure to be given notice or an opportunity to be heard. *Sanders*, 430 U.S. at 109. The plaintiff argues that she was denied her "civil rights" and, specifically, her "due process of law" rights based upon judges who "abuse their powers allowing lawyers to get rid of cases . . . " (doc. 42, pl. reply at p. 9). She further argues that she was denied her "right to an attorney" (*id.* at p. 3). In her most recent response in opposition to the motion to dismiss, the plaintiff asks that the court "enlarge the scope of the case" to include her other cases[4], which she claims will "give the court jurisdiction" (doc. 56, pl. resp. at p. 1). She alleges "a long train of abuses" involving the Social Security Administration, Congress, and state agencies

---

[4] The current case is the plaintiff's only pending case in this district. She has previously filed the following cases that are now closed: *Scott v. S.C.*, 6:08-1684-GRA (habeas corpus petition pursuant to 28 U.S.C. § 2254); *Scott v. S.C.*, 8:08-932-GRA (42 U.S.C. § 1983 action); *Scott v. Isolyser Co. Taylor Plant*, 8:99-1196-13AK (Title VII sex discrimination case).

7

(*id.* at pp. 2-3).  She claims that "attorneys or government personnel either failed in their duties or manipulated the outcome of the case or decision and intercepted U.S. mail - took things off computer . . . , refused subpoenas disclosure discovery, [and] rushed [her] when not prepared under those circumstances . . . " (*id.* at p. 3).

The plaintiff has not shown that her due process rights have been violated and has failed to allege facts that specifically support her conclusory statements.  She has not alleged, for instance, that she did not receive notice of the consequences if she failed to appear at the hearing or that the ALJ failed to make a good cause finding.  Moreover, her claim that she was denied the right to an attorney does not rise to the level of a constitutional challenge as "[t]he Supreme Court has never recognized a constitutional right to counsel at an SSA hearing." *Brandyburg*, 959 F.2d at 562.  Accordingly, this court finds that the plaintiff has not presented a colorable constitutional claim.

Wherefore, based upon the foregoing, it is recommended that the district court grant the Commissioner's motion to dismiss (doc. 27) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Should the district court adopt this recommendation, the pending nondispositive motions will be rendered moot.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

April 9, 2014  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).