

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| WANDA RENAE SCOTT,<br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>        Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 6:13-943-MGL-KFM<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION,
AND DISMISSING ALL OTHER PENDING MOTIONS AS MOOT

This is a Social Security action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction be granted. The Magistrate Judge also recommends that the Court render as moot any pending non-dispostive motions. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 9, 2014, and the Clerk of Court filed Plaintiff's objections on May 15, 2014. Also, filed in the docket of this case are a motion to moot the Report and the objections to the Report in a related case, *Scott v. State of S.C.*, Civil Action No. 8:14-1944-MGL-KFM (Report filed May 20, 2014). Defendant filed her reply on June 2, 2014. The Court has carefully considered all of the objections, both for this case and the related case, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In the Report, the Magistrate Judge goes to great length to explain why this Court does not have jurisdiction to consider Plaintiff's claim and the Court need not repeat that entire discussion here. Suffice it to say, and as noted by the Magistrate Judge, 42 U.S.C. § 405(g) & (h) set forth the basis for the Court's jurisdiction to review cases under Title II and XVI of the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> * * * *
>
> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

42 U.S.C. § 405(g) & (h).

In this matter, "[t]he ALJ dismissed the plaintiff's request for hearing when she failed to appear for either of two scheduled hearings and failed to show good cause for not doing so[,]" Report at 5 (citation omitted), and the Appeals Council declined Plaintiff's request for review. *Id.* at 5. Therefore, inasmuch as Defendant failed to render a final decision following a hearing, the Court lacks jurisdiction over Plaintiff's claim. As such, the Court will grant Defendant's motion to dismiss this action for lack of subject matter jurisdiction.

Plaintiff has submitted to the Court page after page of arguments, most of which have no bearing whatsoever on the question before the Court: whether the Court has subject matter jurisdiction to consider Plaintiff's claims. Thus, the Court will overrule those objections. And to the extent that a few of her objections do address the issue, her contentions are so lacking in merit as not to require any discussion. Therefore, the Court will overrule those objections, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction is **GRANTED**. All other pending motions are hereby **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 5th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis<br>
MARY G. LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.